# EXPERT REPORT OF COMMISSIONER TIM TIPTON

In The United States District Court
For The Eastern District Of Oklahoma

Floyd Patterson JR
v.
City of Muskogee, Oklahoma
Christopher Rochell

Case No.20-CV-040-SPS

11-04-2021

TIM TIPTON, CONSULTANT
TTipton179@GMAIL.COM

**EXHIBIT 3**

- *Mr. Patterson did not display or indicate any signs or symptoms that would lead a well trained officer to believe a medical emergency condition was present.*

- *Upon arrival at the Muskogee County Jail, Officer Rochell witnessed Mr. Patterson advise jail staff that he was diabetic. Officer Rochell also witnessed a member of the jail medical staff, that was summoned to evaluate Mr. Patterson, give clearance for Mr. Patterson to be booked into the jail.*

DETAILS CONCERNING ISSUE #3

Officer Rochell is a CLEET certified officer, that completed the CLEET basic police academy in June of 2017 (583 hours).Officer Rochell also completed the Muskogee Police 4 week mini-academy, as well as the 16 week FTO program.

Officer Rochell has received basic first aid for responders certified training[3]. Muskogee Police Department has also provided Officer Rochell with Tactical Combat Casualty Care certification.

*OPINION*

- *It is my opinion that the Muskogee Police department Policy and Procedures meet or exceed nationally accepted police practices and model policy[4].*

- *It is further my opinion that Officer Rochell is appropriately trained in medical knowledge, skills, and abilities as expected by professional law enforcement best practices.*

---

[3] CLEET Basic Academy
[4] IACP Model Policy

EXHIBIT 3

- *Muskogee Police Department policy requires officers to call for medical assistance when a subject is unconscious, unable to walk, or requests medical assistance. None of these conditions were present during Officer Rochell's engagement with Mr. Patterson.*

**CONCLUSION AND ADDITIONAL OPINIONS**

As a result of reviewing all the listed evidence, in addition to the opinions outlined above, I have developed the following observations and opinions about the incident :

*As Officer Rochell arrives and witnesses the actions of Mr. Patterson, several objective and articulable facts are apparent :*

1. *Mr. Patterson is unsteady as he stands.*
2. *Mr. Patterson makes statements that are confusing and unrealistic.*
3. *Mr. Patterson's speech seems thick and slightly slurred.*
4. *Mr. Patterson cannot fully articulate why he is lying in the street.*
5. *Mr. Patterson has movements that are compulsive and disorganized (tweeking).*

*It is my opinion that these facts, based on nationally accepted police training standards,[5] would prompt a reasonable officer to believe that Mr. Patterson is under the influence of an intoxicating substance.*

*The American Diabetes Association outlines the signs and symptoms that an individual with ketoacidosis (DKA) would display. These symptoms include:*

- *Nausea.*
- *Vomiting.*

---

[5] NHTSA SFST

13

**EXHIBIT 3**

- *Abdominal pain.*
- *Difficulty breathing.*
- *Fruity odor on breath.*
- *Frequent urination.*

*It is my opinion that Mr. Patterson was not demonstrating any of the mentioned symptoms during the interaction with Officer Rochell.*

*When evaluating the training provided to Officer Rochell by the Muskogee Police Department, I have applied the nationally accepted standard as outlined by the Supreme Court[6]. The medical training provided to a police officer should be at a level to determine:*

1. *Does an emergency medical condition exist.*
2. *Should emergency medical assistance be requested.*
3. *Is the subject in need of immediate medical intervention.*

*It is my opinion that Officer Rochell was trained to an acceptable level of medical skill that would meet the nationally accepted requirement.*

*It is my opinion that the arrest of Mr. Patterson by Officer Rochell was reasonable and proper based on the totality of the circumstances.*

*It is further my opinion that Mr. Patterson did not display any signs or symptoms of a dangerous medical condition that would prompt a reasonable trained officer to alert emergency medical response.*

*As Officer Rochell completes the booking process, Mr. Patterson advises he has a blood sugar issue, Officer Rochell knows that the closest medical staff is located across*

---

[6] City of Canton, Ohio v Harris (1989)

14

EXHIBIT 3